E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6074-GHK (FMOx) | Date | October 30, 2012 |
|---|---|---|---|
| Title | *Juana Munoz v. Atlantic Express of L.A., Inc., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re**: Plaintiff's Motion to Remand and for Attorney's Fees and Costs (Dkt. No. 16).

This matter is before us on Plaintiff Juana Munoz's ("Plaintiff") Motion to Remand and for Attorney's Fees and Costs ("Motion"). We have considered the papers filed in support of and in opposition to the Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we repeat them only as necessary. Accordingly, we rule as follows.

**I.    Background**

On June 8, 2012, Plaintiff filed this wage and hour class action in state court against her former employer, Defendants Atlantic Express of L.A., Inc. and Atlantic Express of California, Inc. (collectively, "Defendants"). Plaintiff alleges that Defendants failed to pay her and other bus drivers for all hours worked, including overtime wages earned, "by requiring them to perform certain tasks off-the-clock." (Compl. ¶ 1). Plaintiff alleges that such tasks include certain pre- and post-trip activities such as obtaining a tachometer to install on the bus, conducting a visual inspection of the bus prior to installing the tachometer, and completing driver logs. (*Id.* ¶ 17). Plaintiff further alleges that Defendants failed to provide her and other class members with rest periods as required by California law, (*id.* ¶¶ 1, 18), to pay the required minimum wage for all hours they worked, to provide them with all wages due upon termination or resignation, and to provide them with accurate wage statements, (*id.* ¶ 19).

Based on these allegations, Plaintiff asserts the following six claims: (1) violation of California Labor Code sections 216, 1194, 1194.2, and 1197 (failure to pay compensation for all hours worked and minimum wage violations); (2) violation of Labor Code section 1194 (failure to pay overtime compensation); (3) violation of Labor Code sections 226.7 and 512 (failure to pay rest period compensation); (4) violation of Labor Code section 203 (waiting time penalties); (5) violation of Labor Code section 226 (failure to provide accurate itemized statements); and (6) violation of California Business and Professions Code sections 17200, *et seq.*

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6074-GHK (FMOx) | Date | October 30, 2012 |
|---|---|---|---|
| Title | *Juana Munoz v. Atlantic Express of L.A., Inc., et al.* | | |

On July 13, 2012, Defendants removed this action to this Court pursuant to the doctrine of complete preemption under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The terms of Plaintiff and other class members' employment were governed by a Collective Bargaining Agreement ("CBA") between Atlantic Express of L.A., Inc. and Teamsters Local 572. On September 19, 2012, Plaintiff filed the instant Motion to remand this action to state court.

**II.    Legal Standard**

Typically, a plaintiff is considered the master of her complaint, and thus "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). Where a defendant raises preemption as a defense to a plaintiff's claims, preemption typically cannot provide the basis for subject matter jurisdiction. *See id.* at 392-93. Under the doctrine of complete preemption, however, "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at 393 (citation omitted) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

LMRA § 301 governs lawsuits alleging breach of a CBA and states that such lawsuits "may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185. Section 301 has been construed to have complete preemptive force. As a result, any state cause of action for breach of a CBA is entirely displaced by § 301 and is considered to be an LMRA claim. "This is true even in some instances in which the plaintiffs have not alleged a breach of contract in their complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it." *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

Determining whether § 301 completely preempts a state claim involves a two-step process. First, we must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law" or by the CBA. *Id.* If the right is conferred solely by the CBA, then the claim is completely preempted. If the right at issue "exists independently of the CBA, we must still consider whether it is nevertheless 'substantially dependent on analysis of a collective bargaining agreement.'" *Id.* (quoting *Caterpillar*, 482 U.S. at 394). If the state claim is not dependent on the CBA, then the plaintiff can continue to assert it. "The demarcation between preempted claims and those that survive § 301's reach is not, however, a line that lends itself to analytical precision." *Cramer v. Consolidated Freightways*, 255 F.3d 683, 691 (9th Cir. 2001). To make this task simpler, courts have held that when a court would merely have to "look to" or "consult" the CBA during litigation of the state claim, no preemption exists. But, if adjudicating the state claim would require the court to "interpret" the CBA, the state claim is completely preempted. *See Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994); *Burnside*, 491 F.3d at 1060.

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6074-GHK (FMOx) | Date | October 30, 2012 |
|---|---|---|---|
| Title | *Juana Munoz v. Atlantic Express of L.A., Inc., et al.* | | |

   Removal is generally disfavored – indeed, there is a "strong presumption" against removal, and a "defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (1992). This presumption is particularly compelling in the context of complete preemption. If we find that Plaintiff's claims are completely preempted, that does not merely vest us with jurisdiction over the action – it *extinguishes* Plaintiff's preempted state law claims and means that Plaintiff can *only* assert a § 301 claim. The Supreme "Court has repeatedly repudiated the idea that the mere ability of unionized workers to bargain collectively somehow makes it permissible to give unionized employees fewer minimum labor-standards protections under state law than other employees." *Burnside*, 491 F.3d at 1068. Thus, we take seriously our duty to determine whether Plaintiff's claims require *interpretation* of the CBA and will not lightly find that they are completely preempted.

**III. Analysis**

  **A. Whether Plaintiff's Claims Inhere in State Law**

   "[T]o determine whether a particular right inheres in state law or, instead, is grounded in a CBA," we "consider the legal character of a claim, as independent of rights under the collective-bargaining agreement and not whether a grievance arising from precisely the same set of facts could be pursued." *Burnside*, 491 F.3d at 1059-60 (internal quotation and alteration omitted). Moreover, "reliance on the CBA as an aspect of a defense is not enough to inject a federal question into an action that asserts what is plainly a state-law claim." *Id.* at 1060 (internal quotation and alteration omitted).

   Here, Plaintiff asserts six claims, the first five involve Defendants' alleged violations of the California Labor Code and the last claim involves an alleged violation of the UCL based on the Labor Code violations. The Complaint makes no reference to the CBA and does not attempt to enforce any aspects of the CBA. The rights involved in Plaintiff's claims – the right to overtime, rest periods, and accurate wage statements – are conferred by virtue of state law.

   Defendants argue that Plaintiff's unpaid wage claim – based on the alleged non-payment of wages for certain pre- and post-trip activities – and rest period claim are subject to complete preemption because Article 17 of the CBA specifically "addresses [Plaintiff's] rights and responsibilities concerning . . . pre- and post-trip activities and . . . breaks." (Opp'n 2). Thus, Defendants argue, Plaintiff is "actually claiming a breach of contract (i.e. the CBA) by [Defendants'] alleged failure to pay her for pre- and/or post-trip activities and failure to provide adequate breaks," (*Id.* at 8-9), such that "these rights are granted under the CBA," (*Id.* at 8). This argument is unconvincing because the mere fact that a CBA touches upon the same subject matter as state law does not mean that the rights involved are necessarily conferred by the CBA. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F. 3d 1102, 1110-11 (9th Cir. 2000) (finding that even though the CBA "contain[ed] a paragraph that set[] forth time requirements governing the payment of wages after discharge," the question of whether a payment after discharge was timely "[was] controlled only by [section 201.5 of the Labor Code] and [did] not turn on whether the payment was timely under the provisions of the collective bargaining agreement"); *Meyer v.*

Case 2:12-cv-06074-GHK-FMO Document 21 Filed 10/30/12 Page 4 of 6 Page ID #:290

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6074-GHK (FMOx) | Date | October 30, 2012 |
|---|---|---|---|
| Title | *Juana Munoz v. Atlantic Express of L.A., Inc., et al.* | | |

*Irwin Indus., Inc.*, 723 F. Supp. 2d 1237, 1244 (C.D. Cal. 2010) (finding that where the plaintiff alleged that the employer failed to provide second meal period pursuant to section 512(a) of the Labor Code, "that the CBA include[d] terms that entitle[d] employees to second meal periods [was] of no import").

Defendants also argue at length that the CBA "actually grants [Plaintiff] and her fellow drivers extra rights that are above and beyond that which they are entitled to under state law," and that "by creating all the [] rights and responsibilities [under the CBA], [Defendants are] not requiring the employees to waive their right to pay for break times or pre-/post-trip activities or attempting to contract for something illegal under state law." (Opp'n 10-11). This is clearly a defensive use of the CBA against Plaintiff's allegations that Defendants have violated state law. As such, it is "not enough to inject a federal question into an action that asserts what is plainly a state-law claim." *Burnside*, 491 F.3d at 1060.

Accordingly, we conclude that Plaintiff's claims inhere in state law.

**B.     Whether Plaintiff's Claims Are Dependent on Interpretation of the CBA**

In this case, Plaintiff asserts an unpaid wage claim based on her allegation that Defendants required her and other class members to perform certain pre- and post-trip activities off the clock. (Compl. ¶¶ 1, 17). Additionally, she asserts a rest period claim based on her allegation that she and other class members were not provided the "ten-minute rest period for shifts in excess of three and one-half hours as required by law." (*Id* ¶¶ 32-33).

Resolution of these claims does not require us to interpret the CBA. Under the California Labor Code, employees have a non-waivable, non-negotiable right to compensation for all hours worked. *See* Cal. Labor Code § 1194(a) ("Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."). Under Wage Order 9-2001, which regulates wages and hours in the transportation industry, employees whose total daily work time exceeds three and a half hours are entitled to rest periods "at the rate of ten (10) minutes . . . per four (4) hours or major fraction thereof." *Id.* § 12. Thus, the relevant state statutes and regulations govern whether a violation has occurred.

Defendants argue that interpretation of the CBA is required because Article 17 specifically provides that, as to the unpaid wage claim, covered employees are entitled to a presumption of twenty-minutes pay for pre- and post-trip activities, and that, as to the rest period claim, covered employees are entitled to a thirty-minute lunch period at minimum. (Opp'n 12). However, because Plaintiff is asserting violations of state law and is not seeking to enforce the terms of the CBA, "it is irrelevant that the CBA provides for similar claims under its own terms because the state law claims can be resolved without interpreting the CBA." *Meyer*, 723 F. Supp. 2d at 1244.

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6074-GHK (FMOx) | Date | October 30, 2012 |
|---|---|---|---|
| Title | *Juana Munoz v. Atlantic Express of L.A., Inc., et al.* | | |

Accordingly, we conclude that Plaintiff's claims are not dependent on interpretation of the CBA.

### C. Whether CBA's Grievance Procedure and Arbitration Provision Implicate LMRA Preemption

Finally, Defendants argue that CBA's grievance procedure, including the arbitration clause, implicates LMRA preemption. This argument is unavailing because in order for a grievance or arbitration provision to implicate preemption, the "union-negotiated waiver of employees' statutory right to a judicial forum" must be "clear and unmistakable." *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80-81 (1998). In *Wright*, a CBA that purported to "cover all matters affecting wages, hours, and other terms and conditions of employment" did not contain a clear and unmistakable waiver of the covered employees' rights to a judicial forum to assert discrimination claims under the ADA. *Id.*; *see also Martinez v. J. Fletcher Creamer & Son, Inc.*, 2010 WL 335937, *3 (C.D. Cal. Aug. 13, 2010) (concluding that the plaintiff "was not required to file a grievance under the CBA to pursue his statutory claims," given that "the CBA [did] not directly reference the [relevant federal and state wage and hour] statutes at issue, . . . [such that it] [did] not 'clearly and unmistakably' waive Plaintiff's rights under those statutes").

Here, the CBA provides that "[t]he grievance procedure provided herein shall be the sole and exclusive remedy for an alleged grievance *under this Agreement* and the result achieved through the application of this procedure shall resolve a grievance for all purposes." (Dkt. No. 16-1, Ex. 2, at 19) (emphasis added). Thus, because the CBA expressly limits the application of the grievance procedure to grievances relating to the CBA, it does not, by its terms, subject Plaintiff's claims under state law to said procedure. Accordingly, we find that the CBA does not "clearly and unmistakably" require Plaintiff to file a grievance pursuant to the CBA to pursue her state law claims. As such, the grievance provision does not implicate LMRA preemption.

Moreover, even if Plaintiff's claims may be subject to the grievance procedure, this argument constitutes a defensive use of the CBA, which, under clearly established law, cannot create a federal question. *See Meyer*, 723 F. Supp. 2d at 1246-47 (concluding that the arbitration clause in the CBA did not implicate LMRA preemption because the clause "relates only to Defendant's asserted defenses and does not clearly or unmistakably interpret Plaintiff's state law claims or require arbitration of Plaintiff's state law claims.").

### D. Plaintiff's Request for Attorney's Fees

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiff's counsel requests that we award $19,500 to him in attorney's fees, based on the 32.5 hours he spent in attempting to remand this case at a rate of $600 per hour. While we agree that

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6074-GHK (FMOx) | Date | October 30, 2012 |
|---|---|---|---|
| Title | *Juana Munoz v. Atlantic Express of L.A., Inc., et al.* | | |

Defendants' arguments, in light of the relevant authorities, shall not prevail, they are not beyond the outer bounds of objective reasonableness. In our discretion, we find and conclude that an award of fees and costs is not warranted in this case.

**IV.     Conclusion**

In light of the foregoing, we conclude that Plaintiff's claims are not completely preempted by the LMRA. Accordingly, we do not have subject matter jurisdiction over this action and hereby **REMAND** this case to the state court from which it was removed.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |